UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND, GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. |
| Christopher Brian Dorsey | : | Chapter 13 |
| Debtor | : | Rule 2016(b) - Statement of Attorney Compensation |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. sec. 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor in contemplation or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept............................ $425 per hour

   Prior to the filing of this statement, I have received ............ $10,435 hourly retainer (includes the Court's $310 filing fee and other costs)

   Balance Due........................................................................$425 per hour

The Debtor has agreed to pay counsel $425 per attorney hour, $150 per law clerk hour, and $125 per paralegal hour, plus all costs for any services rendered in connection with this case, as is more fully set forth in the parties' Legal Services Agreement, a three page form agreement that also contains, *inter alia*, provisions regarding fee rate increases, interest due on unpaid balances, collection costs for collection of unpaid fees, assignment of (and lien on) certain property to counsel to secure payment of counsel's fees and costs, and the Debtors' obligations owed to counsel in this case, a copy of which is available to the Court or the trustee upon request, with any post-petition fee balance to be paid directly by the Debtors or by the trustee under the plan.

2. The source of the compensation paid to me was: Debtor

3. The source of compensation to be paid to me is: Debtor

4. I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5. In return for the above-disclosed fee, I have agreed to render legal service for the following aspects of this bankruptcy case:

   All the services required in every bankruptcy case through plan confirmation and as otherwise required by the Court's Local Rules.

6. By agreement with the debtor, the above-disclosed fee does not include the following services: Adversary proceedings, U.S. Trustee audits, appeals, and other litigation matters for which a new retainer agreement will be required.

   **see the *Debtor's Acknowledgment of Limited Representation* herein for statement of excluded services; this clause supersedes #5 above.**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the Debtors in this bankruptcy proceeding.

*/s/ Robert J. Haeger, March 29, 2019*
Robert J. Haeger, Bar No. 25434

11403 Seneca Forest Circle<br>
Germantown, MD 20876<br>
(888) 463-3520; www.haegerlaw.com<br>
Attorney for Debtor

## DEBTOR'S ACKNOWLEDGMENT OF LIMITED REPRESENTATION

I, Christopher Brian Dorsey ("Debtor"), hereby acknowledge that Robert J. Haeger's representation of me in this Chapter 13 bankruptcy case excludes representation of me in any adversary proceeding, appeals, or U.S. Trustee audits. In addition, I have read and agree with the statements made in the foregoing *Rule 2016(b) Statement of Attorney Compensation* of Robert J. Haeger, and in our Legal Services Agreement. Finally, if I am unwilling or unable to pay Mr. Haeger for his time, I hereby consent to his withdrawal as my attorney of record in this case upon five days mailed written notice to me of his intention to withdraw, with further notice to me that I must have new counsel enter an appearance or notify the Clerk that I will be proceeding without counsel.

*/s/ Christopher Brian Dorsey, March 29, 2019*
_____
Christopher Brian Dorsey