**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CHRISTOPHER B. DORSEY, | : | Case No. 19-1-4300-WIL |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO DEBTOR'S
CHAPTER 13 PLAN DATED MARCH 31, 2019**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan dated March 31, 2019 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1.  The Debtor commenced this case under Chapter 13 on March 31, 2019. The Plan proposes to pay $1,669.00 monthly for 60 months for a gross funding of $100,140.00.

2.  The Debtor has failed to make the payments proposed under the Plan. At this time, one payment is due in the total amount of $1,669.00. The Trustee has received $0.00. Accordingly, the Debtor has not demonstrated that the Plan is feasible, and the Plan does not satisfy the requirement of section 1325(a)(6) of the Bankruptcy Code.

3.  The Debtor's monthly expenses for the Ocean City rental property, boat payment, jet skis and 3 vehicles is not reasonable or necessary under the circumstances.

4.  The Plan must be amended to clarify the conflicting treatment of North American Savings Bank and Lafayette FCU in sections 4.6.2 and 4.6.5, and to assume or reject the BMW lease.

5. The Debtor has failed to provide documentation supporting expenses listed on Schedule J of $2,000.00 per month for charity as requested by the Trustee. Accordingly, the Trustee cannot determine whether the Plan is feasible or if the Debtor is devoting all disposable income toward the Plan. The Plan does not satisfy the requirements of sections 1325(a)(6) and 1325(b)(1)(B) of the Bankruptcy Code. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

6. The Trustee verified the Debtor's net monthly income to be $33,319.20. The Plan fails to provide that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors under the Plan. The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

7. The Debtor has not provided and/or filed all applicable federal, state, and local tax returns as required by section 1308. Accordingly, the Debtor has not satisfied the requirements of section 1325(a)(9) of the Bankruptcy Code.

8. The Debtor's Schedule J reflects insufficient net monthly income to support the proposed Plan payments. The Debtor has not demonstrated that the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code.

9. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

          Respectfully submitted,

May 20, 2019                    /s/ Timothy P. Branigan
          Timothy P. Branigan (Fed. Bar No. 06295)
          Chapter 13 Trustee
          9891 Broken Land Parkway, #301
          Columbia, Maryland 21046
          (410) 290-9120

## Certificate of Service

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Robert Haeger, Esquire

I caused a copy of the pleading above to be sent on May 21, 2019 by first-class U.S. mail, postage prepaid to:

Christopher B. Dorsey
301 17th St., Unit B
Ocean City, MD 21811

          /s/ Timothy P. Branigan
          Timothy P. Branigan (Fed. Bar No. 06295)